IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| GAYNELL STREET FOWLER, IN HER CAPACITY AS TRUSTEE OF THE FLETCHER BOYD FOWLER REVOCABLE TRUST DATED 5/6/91, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:14CV00033 |
| v. | ) ) | **OPINION AND ORDER** |
| BIZZACK, INC., ET AL., | ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*Jason D. Gallagher, Pebbles L. Burgess, and Benjamin A. Street, Street Law Firm, LLP, Grundy, Virginia, for Plaintiff; Linda D. Frith, Sean C. Workowski, and Julie von Sternberg, Frith Anderson & Peake, P.C., Roanoke, Virginia, for Defendants Bizzack, Inc., and Bizzack Construction, LLC.*

In this case removed from state court, the plaintiff has moved to remand on the ground that this court lacks diversity subject-matter jurisdiction. For the reasons that follow, the plaintiff's motion will be denied, but I will stay the proceedings under the *Colorado River* doctrine because of three related cases now pending in state court.

I.

As alleged here and in three related cases I previously remanded to state court,[1] the Virginia Department of Transportation ("VDOT") contracted with defendant Bizzack, Inc. ("Bizzack") to perform excavation work for a public highway construction project called the Route 460 By-Pass Project, located in Buchanan County, Virginia. Buchanan County is mountainous and contains bituminous coal reserves, and the excavation involved coal extraction on various tracts of real estate in which the present plaintiff and the plaintiffs in the remanded cases had ownership interests in the coal. The coal on each tract was removed, transported, and sold by Bizzack and Bizzack Construction, LLC, ("Bizzack Construction"), a related company, to various coal purchasers.

The present plaintiff, Gaynell Street Fowler, is the Trustee of the Fletcher Boyd Fowler Revocable Trust (the "Trust"). The Trust owned in fee simple real property excavated by Bizzack during the Route 460 By-Pass Project. In a letter dated September 4, 2012, Fowler was notified that, pursuant to Certificate of Take No. C-104020, the Commonwealth of Virginia had acquired the entire surface of that property, styled as Parcel No. 082, and that "during the construction of Route 460, it was necessary to remove certain coal underlying Parcel No. 082 and other

---

[1] *See Town of Grundy Indus. Dev. Auth. v. Bizzack Constr., LLC,* Nos. 1:14CV00031, 1:14CV00032, 1:14CV00034, 2014 WL 4104792 (W.D. Va. Aug. 19, 2014).

nearby parcels." (Second Am. Compl., Ex. A.) Accordingly, an additional Certificate of Take was recorded for the coal removed incident to construction. VDOT determined that fifty-two tons of the removed coal were owned by the Trust and made an offer of settlement in the amount of $165.88.

Thereafter, the present plaintiff and the plaintiffs in the remanded cases filed separate lawsuits in state court in Buchanan County, Virginia, claiming that the removal and the sale of the coal owned by them had been unlawful. Although the suits allege ownership interests in different tracts of land, the allegations and causes of action are substantially similar. All claim that Bizzack and Bizzack Construction had obtained no right to remove the coal during the highway construction and that they had engaged in a conspiracy with others to injure the plaintiffs by taking and selling the coal. In separate counts, all assert causes of action for trespass, conversion, assumpsit, negligence, gross negligence, conspiracy, fraud, and constructive fraud. In the present case, the plaintiff seeks monetary damages for each count, together with interest, costs, and attorneys' fees.

While this court lacked subject-matter jurisdiction over the related cases because of the presence of a non-diverse defendant in each case, there is no such defendant in the present case and complete diversity of citizenship exists. The plaintiff initially contended in support of her Motion to Remand that the amount in controversy did not exceed the jurisdictional threshold of $75,000, but she now

concedes that her assertion of a civil conspiracy claim under Va. Code Ann. § 18.2-500, which permits recovery of attorneys' fees, can be used to satisfy that threshold. *See CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006). Accordingly, I will deny the Motion to Remand. Nonetheless, I find that abstention under the *Colorado River* doctrine is warranted by these circumstances, and I will stay the present case pending resolution in state court of the related remanded actions.[2]

## II.

Abstention doctrines permit a district court to "decline to exercise [its] jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal quotation marks and citation omitted).

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Court provided "an extraordinary and narrow exception to the duty

---

[2] No party has expressly moved for abstention, but it may be raised by the court sua sponte. *Bellotti v. Baird,* 428 U.S. 132, 143 n.10 (1976). At oral argument on the Motion to Remand, I inquired of defendants' counsel her position as to staying this case in the event I remanded the other three related cases. She objected on the ground that that her client had instructed her to appeal any remand of the other three cases. However, she had overlooked 28 U.S.C. § 1447(d), which provides, with exceptions not applicable here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Thus, the three remanded cases may proceed in state court without delay. Of course, the parties are free to jointly request that the present case be remanded to state court in order to join its companions for a more complete resolution there.

-4-

of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (internal quotation marks and citation omitted). Pursuant to *Colorado River*, a district court may abstain from hearing a case "in favor of ongoing, parallel state proceedings in cases where 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favor abstention." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013) (quoting *Col. River*, 424 U.S. at 817). However, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Col. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910) (internal quotation marks omitted)). The task, then, "is not to find some substantial reason for the *exercise* of federal jurisdiction," but "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

The initial inquiry in determining whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). The Fourth Circuit has "strictly construed

the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006). The general concern is that, where one is not a party to the pending state court proceedings, "to abstain in favor of the . . . state court actions would deprive [the party opposing abstention] the opportunity to litigate its claims." *Id*. While courts are generally reluctant to find proceedings parallel when there are non-identical plaintiffs, the plaintiff here was removed to federal court, obviating any concern over frustrating her choice of forum. Moreover, the defendants are nearly identical in the instant case and the remanded cases, save the single nondiverse defendant, so the opportunity to litigate their claims is intact. Most importantly, this case will only be stayed, and not remanded, so the concern for that opportunity is mitigated.

The substantial similarity of the present claims is obvious and further excuses the nonequivalence of the parties in the related cases. *See Amvest Corp. v. Mayoral Amy*, 778 F. Supp. 2d 187, 198 (D.P.R. 2011) ("Finding state and federal proceedings parallel even though state proceedings involved different plaintiffs, but same defendants as federal proceeding, where actions raised nearly identical allegations and issues and thus substantially identical claims.). Therefore, the Court finds that the state proceedings and the federal proceedings are sufficiently parallel."). Here, the complaints in all four suits are identical, other than the

-6-

Case 1:14-cv-00033-JPJ-PMS   Document 22   Filed 09/04/14   Page 6 of 9   Pageid#: 350

particular parcel of real property at issue in each.  As such, a state court decision in the three remanded cases will bear directly on the outcome of the present case.

If it is shown that the federal and state cases are parallel, exceptional circumstances must also be established that warrant abstention, and the following factors are used in making that determination:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Gross*, 468 F.3d at 207-08.  Mindful that it is an extraordinary remedy, the relevant factors favor abstention here.

In particular, the third factor — avoidance of piecemeal litigation — weighs most heavily in favor of absention, and it is "[b]y far the most important factor." *Moses H. Cone*, 460 U.S. at 16.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) (internal quotation marks and citation omitted).  The coal removed in this and the remanded cases was taken pursuant to the Commonwealth of Virginia's power of eminent domain, and the resolution of all four cases will likely

require a common determination of the validity of the Certificates of Take recorded by VDOT, which authorized the defendants to remove the coal during the highway construction project. That determination should first be undertaken in the state court, and a stay is necessary to avoid a race to a decision in the two forums.

The remaining factors can be addressed in short order. The first and fourth factors concern the exercise of jurisdiction by the state court and clearly support abstention. Before the present case was removed to this court, the Circuit Court of Buchanan County first asserted jurisdiction over the property rights in dispute, and the case progressed so far as to allow the plaintiff to file two amended complaints. Furthermore, while the second factor does not favor abstention, because there has been no showing that this is an inconvenient forum, the fifth and sixth factors do, because state law will be determinative in this and the remanded cases and will provide an adequate adjudication of the issues.

Although I find abstention appropriate, a stay, rather than a remand to state court, is the appropriate remedy. *Quackenbush*, 517 U.S. at 719-20 (noting that the Court has traditionally "applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether"); *Town of Nags Head v. Toloczko*, 728 F.3d 391, 395 n.4 (4th Cir. 2013) ("[F]ederal courts may only abstain from claims for discretionary relief, i.e., declaratory and equitable actions,

while claims for damages may be stayed but not dismissed or remanded."). Because the plaintiff here seeks only damages, I will not remand this case. Accordingly, this case shall be stayed until the resolution of the related cases pending in state court.

III.

For the foregoing reasons, the plaintiff's Motion to Remand (ECF No. 9) is DENIED. However, this case is hereby STAYED pending resolution of the related cases in state court. The clerk will cancel the trial date previously fixed. The parties must promptly advise the court upon resolution of any of the related cases.

It is so **ORDERED**.

ENTER: September 4, 2014

/s/ James P. Jones
United States District Judge

-9-

Case 1:14-cv-00033-JPJ-PMS   Document 22   Filed 09/04/14   Page 9 of 9   Pageid#: 353